UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

'05 APR 12 P1 :55

FILED
US DISTRICT COURT
WESTN DIST KENT

UNITED STATES OF AMERICA

vs.

GUY ANTHONY BROWN
NIGEL BROWN
BEAU URAN

INDICTMENT

NO. 5:05CR-7-J

18 U.S.C. § 2
18 U.S.C. § 371
18 U.S.C. § 922(o)(1)
18 U.S.C. § 924(a)(2)
26 U.S.C. § 5844
26 U.S.C. § 5861(k)

The Grand Jury Charges:

## INTRODUCTION

1.  Defendant **BEAU URAN** is a soldier in the United States Army who was deployed to Iraq in 2003 but who returned to Fort Campbell, Kentucky in or around February, 2004.

2.  Defendant **NIGEL BROWN** is a soldier in the United States Army who was deployed to Iraq in 2003 but who returned to Fort Campbell, Kentucky in or around February, 2004.

3.  Defendant **GUY ANTHONY BROWN,** is a civilian who resides in the Commonwealth of Kentucky and is a relative of Defendant **NIGEL BROWN.**

4.  Title 18, United States Code, Chapter 44 and Title 26, United States Code, Chapter 75 regulate the importation and

-1-

possession of firearms classified as machineguns.  Subject to

lawful purposes exceptions, these two chapters make it illegal to

import and possess machineguns.  A machinegun is defined by

federal law as "any weapon which shoots, is designed to shoot, or

can be readily restored to shoot, automatically more than one

shot, without manual reloading, by a single function of the

trigger."

The Grand Jury further charges:

### COUNT 1
(Conspiracy to Unlawfully Import Machineguns)

5. In or about and between March 2003 and May 26, 2004, in

the Western District of Kentucky, Christian County, Kentucky, and

elsewhere, **BEAU URAN, NIGEL BROWN**, and **GUY ANTHONY BROWN**,

defendants herein, did knowingly combine, conspire, and agree

with each other and with persons known and unknown to the Grand

Jury to commit offenses against the United States, that is, to

receive and possess a firearm which has been imported and brought

into the United States in violation of Title 26, United States

Code, Section 5844, to wit: approximately eighteen machineguns.

In violation of Title 26, United States Code, Section

5861(k).

### Object of the Conspiracy

6.  It was the object of the conspiracy to unlawfully import

machineguns acquired by soldiers in Iraq into the United States.

-2-

Overt Acts

7.  In furtherance of the conspiracy, and to effect the objects thereof, the defendants knowingly performed the following overt acts, among others:

a.  While in Iraq in 2003, **BEAU URAN** and **NIGEL BROWN** cut the bottoms off three oxygen tanks with a torch.  They put the machineguns inside the oxygen tanks and then welded the bottoms of the oxygen tanks back on.

b.  After they sealed the oxygen tanks, **BEAU URAN** and **NIGEL BROWN** placed the oxygen tanks in a "SPAM" shelter that was sealed and shipped to the United States, specifically to the container yard at the Fort Campbell Military Base.

c.  In or about March 2004, **BEAU URAN** and **NIGEL BROWN,** having previously returned to Fort Campbell from Iraq, opened the "SPAM," took the three oxygen tanks out, and placed the oxygen tanks in a truck being driven by **NIGEL BROWN.**

d.  In or about March 2004, **NIGEL BROWN** met with **GUY ANTHONY BROWN** whereby **GUY ANTHONY BROWN** agreed to take and sell the machineguns for **NIGEL BROWN.**

e.  On or about May 21, 2004, **GUY ANTHONY BROWN** sold one of the machineguns to an undercover ATF agent for $1,000.00 and negotiated to sell the remaining machineguns for $1,000.00 each to the undercover agent the following week.

f.   On or about May 26, 2004, **GUY ANTHONY BROWN** told **NIGEL BROWN** to follow him to the meeting place for the machinegun sale to make sure that he was not robbed and so that he, **GUY ANTHONY BROWN** could give **NIGEL BROWN** $17,000.00 following the sale of the remaining machineguns.

g.   On or about May 26, 2004, **GUY ANTHONY BROWN** met with an undercover ATF agent and sold the undercover agent seventeen machineguns for $17,000.00.

All in violation of Title 18, United States Code, Section 371.

The Grand Jury further charges:

COUNT 2
(Aiding/abetting the Illegal Possession of Machineguns)

In or about and between March 2004, and May 26, 2004, in the Western District of Kentucky, Christian County, Kentucky, and elsewhere, **BEAU URAN, NIGEL BROWN,** and **GUY ANTHONY BROWN,** defendants herein, each aided and abetted by the other, did unlawfully transfer and possess eighteen machineguns, to wit:

1.   an AK47-type AKM model, 7.62 caliber machinegun, manufactured by Tabuk Arsenal in Iraq, serial number 7030899;
2.   an AK47-type AKMS model, 7.62 caliber machinegun, manufactured by Tabuk Arsenal in Iraq, serial number 8031424;
3.   an AK47-type AKM model, 7.62 caliber machinegun, manufactured in Romania, serial number RM6659;
4.   an AK47-type AKM model, 7.62 caliber machinegun, manufactured in Hungary, serial number X51132;

5.   an AK47-type, 7.62 caliber machinegun, manufactured in Bulgaria, serial number AB160398;

6.   a Type 56, 7.62 caliber machinegun, manufactured by Factory 9616 in China, serial number 27016716;

7.   an AK47-type AKM model, 7.62 caliber machinegun, manufactured by Izhevsk Arsenal in Russia, serial number YP7509;

8.   a Type 56-1, 7.62 caliber machinegun, manufactured by Factory 26 in China, serial number 27170554;

9.   an AK47-type AKM model, 7.62 caliber machinegun, manufactured in Romania, serial number SB9438;

10.  an AK47-type model, 7.62 caliber machinegun, manufactured in Romania, serial number SN4403;

11.  an AK47-type AKMS model, 7.62 caliber machinegun, manufactured by Tabuk arsenal in Iraq, serial number 8059144;

12.  an AK47-type AKM model, 7.62 caliber machinegun, manufactured in Hungary, serial number V58253;

13.  an AK47-type MPiKMS72, 7.62 caliber machinegun, manufactured in East Germany, no serial number;

14.  a Type 56, 7.62 caliber machinegun, manufactured by Factory 965 in China, serial number 2801056;

15.  a Type 56-1, 7.62 caliber machinegun, manufactured by Factory 26 in China, serial number 27067035;

16.  an AK47-type AKM model, 7.62 caliber machinegun, manufactured in Romania, serial number SF8825;

17.  an AK47, 7.62 caliber machinegun, manufactured in Bulgaria, serial number AE163149; and

18.  a Type 56-1, 7.62 caliber machinegun, manufactured by Factory 26 in China, serial number 27110397.

In violation of Title 18, United States Code, Sections 2, 922(o)(1), and 924(a)(2).

The Grand Jury further charges:

### COUNT 3
(Forfeiture)

As a result of committing an offense in violation of Title 18, United States Code, Section 922(o)(1), and Title 26, United States Code, Section 5861, as alleged in Counts 1 and 2 of

this Indictment, defendants **BEAU URAN, NIGEL BROWN,** and **GUY**

**ANTHONY BROWN,** shall forfeit to the United States all firearms

and ammunition involved in the commission of these offenses,

including but not limited to the following:

1.  an AK47-type AKM model, 7.62 caliber machinegun, manufactured by Tabuk Arsenal in Iraq, serial number 7030899;
2.  an AK47-type AKMS model, 7.62 caliber machinegun, manufactured by Tabuk Arsenal in Iraq, serial number 8031424;
3.  an AK47-type AKM model, 7.62 caliber machinegun, manufactured in Romania, serial number RM6659;
4.  an AK47-type AKM model, 7.62 caliber machinegun, manufactured in Hungary, serial number X51132;
5.  an AK47-type, 7.62 caliber machinegun, manufactured in Bulgaria, serial number AB160398;
6.  a Type 56, 7.62 caliber machinegun, manufactured by Factory 9616 in China, serial number 27016716;
7.  an AK47-type AKM model, 7.62 caliber machinegun, manufactured by Izhevsk Arsenal in Russia, serial number YP7509;
8.  a Type 56-1, 7.62 caliber machinegun, manufactured by Factory 26 in China, serial number 27170554;
9.  an AK47-type AKM model, 7.62 caliber machinegun, manufactured in Romania, serial number SB9438;
10. an AK47-type model, 7.62 caliber machinegun, manufactured in Romania, serial number SN4403;
11. an AK47-type AKMS model, 7.62 caliber machinegun, manufactured by Tabuk arsenal in Iraq, serial number 8059144;
12. an AK47-type AKM model, 7.62 caliber machinegun, manufactured in Hungary, serial number V58253;
13. an AK47-type MPiKMS72, 7.62 caliber machinegun, manufactured in East Germany, no serial number;
14. a Type 56, 7.62 caliber machinegun, manufactured by Factory 965 in China, serial number 2801056;
15. a Type 56-1, 7.62 caliber machinegun, manufactured by Factory 26 in China, serial number 27067035;
16. an AK47-type AKM model, 7.62 caliber machinegun, manufactured in Romania, serial number SF8825;
17. an AK47, 7.62 caliber machinegun, manufactured in Bulgaria, serial number AE163149;
18. a Type 56-1, 7.62 caliber machinegun, manufactured by Factory 26 in China, serial number 27110397;

     19.    a SVD model, 7.62 caliber semi-automatic rifle, manufactured by the Izhevsk Arsenal in Russia, serial number 17413; and

     20.    a Tariq 9mm semiautomatic pistol, manufactured in Iraq, serial number 31323330.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

    In violation of Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461.

A TRUE BILL

_____
Foreperson

_____
DAVID L. HUBER
UNITED STATES ATTORNEY
DLH:MLT:050318

-7-

UNITED STATES OF AMERICA v. GUY ANTHONY BROWN, NIGEL BROWN AND BEAU URAN

### P E N A L T I E S

Count 1:  NM 5 yrs./$250,000/both/NM 3 yrs. Supervised Release.
Count 2:  NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release.
Count 3:  Forfeiture.

### N O T I C E

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

Misdemeanor:  $ 25 per count/individual      Felony:  $100 per count/individual
              $125 per count/other                    $400 per count/other

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due _immediately_ unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following:**

    1.  **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

        For offenses occurring after December 12, 1987:

        No **INTEREST** will accrue on fines under $2,500.00.

        **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

        **PENALTIES** of:

        10% of fine balance if payment more than 30 days late.

        15% of fine balance if payment more than 90 days late.

    2.  Recordation of a **LIEN** shall have the same force and effect as a tax lien.

    3.  Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

        If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the

greater of $10,000 or twice the unpaid balance of the
fine; or **IMPRISONMENT** for not more than 1 year or both.
18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air
piracy offenses, you may also be ordered to make restitution to any victim of the
offense, in addition to, or in lieu of any other penalty authorized by law.  18
U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending
appeal, the court shall require:

1.    That you deposit the entire fine amount (or the amount
      due under an installment schedule during the time of
      your appeal) in an escrow account with the U.S. District
      Court Clerk, or

2.    Give bond for payment thereof.

18 U.S.C. § 3572(g)


PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office,
certified checks or money orders should be made payable to the Clerk, U.S.
District Court and delivered to the appropriate division office listed below:

LOUISVILLE:        Clerk, U.S. District Court
                   106 Gene Snyder U.S. Courthouse
                   601 West Broadway
                   Louisville, KY  40202
                   502/625-3500

BOWLING GREEN:     Clerk, U.S. District Court
                   120 Federal Building
                   241 East Main Street
                   Bowling Green, KY  42101
                   270/393-2500

OWENSBORO:         Clerk, U.S. District Court
                   126 Federal Building
                   423 Frederica
                   Owensboro, KY  42301
                   270/689-4400

PADUCAH:           Clerk, U.S. District Court
                   127 Federal Building
                   501 Broadway
                   Paducah, KY  42001
                   270/415-6400

If the court finds that you have the present ability to pay, an order may direct
imprisonment until payment is made.

FORM DBD-34
JUN.85

No. _____

# UNITED STATES DISTRICT COURT
### Western District of Kentucky
### Paducah Division

## THE UNITED STATES OF AMERICA
vs.

GUY ANTHONY BROWN, NIGEL BROWN

BEAU URAN

## INDICTMENT

**Title 26, U.S.C. § 5861(k);**
**Title 18, U.S.C. § 371; 922(o)(1); 924(a)(2);**
**924(d);**
**Title 28, U.S.C. § 2461:**
**Conspiracy to Receive and Possess An Illegally**
**Imported Firearm; Unlawful Transfer and**
**Possession of Machineguns; Aiding and**
**Abetting; Forfeiture.**

*A true bill.*

_____
                                                    *Foreman*

*Filed in open court this*  12th   day,

*of*  April  A.D.  2005.

_____
                                                    *Clerk*

*Bail, $*